Jani K. Rachelson (JR 0121)
David R. Hock (DH 8599)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036-6976
(212) 563-4100

Attorneys for Plaintiffs Trustees of the
AFTRA Health and Retirement Funds

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
TRUSTEES OF THE AFTRA HEALTH AND          :
RETIREMENT FUNDS,                          :
                                           :
                   Plaintiffs,             :   Civil Action No. 06 CV 3425
                                           :
- v. -                                     :
                                           :
OCEAN AVENUE TELENOVELA                    :
PRODUCTIONS, INC.                          :   E.C.F
                                           :
                   Defendant.              :
------------------------------------------------------------------ x

RECEIVED MAY 0 4 2006 U.S.D.C. S.D. N.Y. CASHIERS

JUDGE BAER

## COMPLAINT

Plaintiffs Trustees ("the Trustees") of the AFTRA Health and Retirement Funds ("the Funds") for their complaint allege as follows:

### Introduction

1.  In this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001-1461, the trustees of multiemployer health and retirement plans sue an employer for failing to pay contributions owing to the plans.

00079335.DOC.1

### Jurisdiction and Venue

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1337 and 29 U.S.C. §§1132(a)(3), 1132(e)(1), 1132(f) and 1145.

3. Venue lies in this district under 29 U.S.C. §1132(e)(2), as the Funds are administered in this district.

### The Parties

4. The Trustees are "fiduciaries" of the Funds as defined in 29 U.S.C. §1002(21)(A). The Funds have at all relevant times been "multiemployer plans" as defined in 29 U.S.C. §1002(37). The Funds were established and are maintained pursuant to an Agreement and Declaration of Trust executed on or about November 16, 1954, and amended from time to time thereafter ("the Trust Agreement"), in accordance with collective bargaining agreements between the American Federation of Television and Radio Artists ("AFTRA") and certain employers in the recording, broadcasting, advertising and other industries. The Funds are administered at 261 Madison Avenue, New York, New York 10016.

5. Defendant Ocean Avenue Telenovela Productions, Inc. ("the Company") is a Florida corporation that was administratively dissolved for its failure to maintain a registered agent, and whose most recent address on file with the Florida Secretary of State is 1717 N. Bayshore Drive, Suite 1245, Miami FL 33132. At all relevant times, the Company transacted business in the State of Florida and was an "employer" within the meaning of 29 U.S.C. §1002(5). At all relevant times, the Company owned or produced the television program "Ocean Avenue."

### Collective Bargaining Agreement

6. At all relevant times, the Company was signed to one or more collective

bargaining agreements with AFTRA requiring contributions to be paid to the Funds (the "CBAs").

7. The CBAs established the terms and conditions of employment between the Company and any person who performs in front of the camera, including principals, a five-line or less principal, and background performers.

8. The CBAs required the Company to submit reports and pay contributions to the Funds based upon a percentage of each performer's gross wages.

### The Trust Agreement

9. Section 11.1 of the Trust Agreement requires employers to contribute to the Funds in the amounts required by applicable collective bargaining agreements.

10. Section 11.4 of the Trust Agreement authorizes the Trustees to bring actions to collect contributions owing. It provides that if the Trustees take legal action to collect delinquent contributions, the delinquent employer shall owe, in addition to all delinquent contributions, interest and liquidated damages, attorneys' fees, court costs and reasonable expenses attributable to any audit.

### The Production of the Television Show

11. In or around 2002, the Company filmed and produced a 130 one-hour episode television show entitled "Ocean Avenue"

12. The Company's initial budget estimated that gross wages for employees covered by the CBAs would total approximately $2 million and the contributions to the Funds would total approximately $250,000.

13. The filming of "Ocean Avenue" took approximately two to three weeks longer than the projections used to create the initial budget for the program.

14. The cost of filming "Ocean Avenue" exceeded the budgeted amounts.

15. The performers were paid pursuant to the CBAs based upon their number of lines per episode and the number of days they performed in front of the camera.

16. Principal performers with over five lines were paid a base rate of $565 per day, principal performers with under five lines per day were paid a base rate of $246 per day, and background performers were paid a base rate of $99 per day.

17. Because each additional day of filming required an additional day of pay for any performer, the actual total gross wages of filming "Ocean Avenue" exceeded the initial budgeted amount.

### The Delinquent Contributions

18. In or around 2002 the Company employed employees pursuant to the collective bargaining agreements, but failed to pay all of the contributions due as required under the collective bargaining agreement and Trust Agreement.

19. The Company reported to the Funds total gross wages of $106,099.23 on behalf of three performers and paid $12,838.01 in contributions.

20. Eleven of the performers in "Ocean Avenue" have submitted documentation to the Funds demonstrating that they earned at least $264,111.48 in gross wages that the Company did not report to the Funds.

21. Upon information and belief, "Ocean Avenue" had a cast of more than 45 performers who collectively earned in excess of $2,000,000 in gross wages.

22. On November 16, 2004, Arbitrator Ray Fernandez issued an Award and Opinion in favor of AFTRA and against the Company determining that at least $242,000 in contributions were due to the Funds.

23. The Company has not paid the additional amount due to the Funds, despite demand.

## Claim Under ERISA

24. The Trustees repeat and reallege the allegations set forth in paragraphs 1 through 23 as though fully set forth herein.

25. By failing to pay all of the contributions due as required by the collective bargaining agreement and the Trust Agreement, the Company has violated 29 U.S.C. §1145.

## Prayer For Relief

WHEREFORE, the Trustees request a judgment granting the Funds:

A. damages against the Company under 29 U.S.C. §1132(g)(2) in the amount of (a) unpaid contributions owing; (b) interest on the unpaid contributions; (c) an additional amount equal to the greater of either (i) interest on the unpaid contributions at the prime rate plus two or (ii) liquidated damages of 12% of the unpaid contributions; and (d) attorneys' fees and costs; and

B. such other legal or equitable relief as the Court deems proper.

Dated: May 1, 2006
New York, New York

_____
Jani K. Rachelson (JR 0121)
David R. Hock (DH 8599)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036-6976
(212) 563-4100

Attorneys for Plaintiffs Trustees of the
AFTRA Health and Retirement Funds